IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**RYAN SMITH** | Criminal No: 3:17-00002<br><br>*Amended*<br><br>**PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 23rd day of June, 2017, between the United States of America, as represented by United States Attorney BETH DRAKE, Assistant United States Attorney William E. Day II; the Defendant, **RYAN SMITH**, and Defendant's attorney, Joseph P. Griffith, Jr.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Indictment now pending, which charges "possession of child pornography," a violation of Title 18, United States Code, § 2252A(a)(5)(B) and 2252A(b)(2).

    In order to sustain its burden of proof, the Government is required to prove the following:

    First, that the defendant possessed or accessed with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contained an image of child pornography;

    Second, that the child pornography had been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any

means, including by computer, or was produced using materials that had been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

Third, that the defendant acted knowingly; and

Fourth, the images of child pornography involved a minor under 12 years of age.

The maximum penalty for this offense is:

Fine of $250,000 (18 U.S.C. §3571) and/or imprisonment for 20 years and a term of supervised release of 5 years to life (18 U.S.C. §3583) plus a special assessment of $100.00 (18 U.S.C. §3013).

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m), and 2259(b)(2).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further

understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664. The Defendant agrees to cooperate fully with the Government in identifying all victims.

    C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to

comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Forfeiture

4. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the defendant agrees to voluntarily surrender and not contest the forfeiture of property identified in the Indictment, any forfeiture Bill of Particulars, a HP model 15t-K000 laptop, serial number 5CD434DMD and a money judgment in an amount, representing the amount of gross proceeds of the offense(s) of conviction. Following the entry of this plea agreement, defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated by Fed.R.Crim.P. 32.2, which shall in any event, be submitted for entry before sentencing. Defendant acknowledges that he understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case, and waives any failure by the Court to advise him of this,

pursuant to Rule 11(b)(1)(J) or otherwise, at any time his guilty plea is accepted.

A. <u>Cash Proceeds/Money Judgment:</u>

> A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property involved in or traceable to his violations of Title 18.

With regard to each and every asset listed in the Indictment or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

> The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.
>
> To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.
>
> That the Defendant has or had a possessory interest or other legal interest in each item or property.
>
> To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial

institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture, assets disclosed by the Defendant as part of his cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition

to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

The assets to be forfeited specifically include, but are not limited to, a money judgment representing the amount of gross proceeds of the offense(s) of conviction.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

## **Merger and Other Provisions**

5. The Defendant and the Government stipulate and agree to the following for purposes of calculating the Defendant's sentence pursuant to the United States Sentencing Commission Guidelines:

   a. Section 2G2.2 applies with a base offense level of 18;

   b. Two levels should be added pursuant to section 2G2.2(b)(2) because the material involved a minor who had not attained the age of 12 years ;

3:17-cr-00002-JFA    Date Filed 06/23/17    Entry Number 37    Page 8 of 12

    c.    Two levels should be added pursuant to section 2G2.2(b)(6) because the offense involved use of a computer;

    d.    Four levels should be added pursuant to section 2G2.2(b)(7)(C) because the offense involved at least 300 images.

The Defendant understands that these stipulations are not binding upon the Court or the United States Probation Office, and that the Defendant has no right to withdraw his pleas should these stipulations not be accepted. Further, the Defendant understands and acknowledges that these stipulations are binding on the Government only in the event that the Defendant complies with ALL of the terms of this Agreement and does not contest any of the above stipulations or any readily provable relevant conduct; however, Defendant specifically reserves the right to file a motion for downward departure and/or variance.

6.    Defendant also understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.

7.    The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or

sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or sentence (unless the sentence is above the recommended USSG guideline range, in which case, the right to contest or appeal the sentence is reserved) in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

8. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9. The Defendant understands that, upon sentencing, the District of South Carolina will report his conviction to the Department of Justice's Bureau of Justice Assistance pursuant to 10 U.S.C. § 2408 for inclusion in the Defense Procurement Fraud Debarment Clearinghouse database and the

System for Award Management of the General Services Administration. The Defendant understands that 10 U.S.C. § 2408 provides for a mandatory term of debarment of at least five years, which term may only be waived if the Secretary of Defense determines a waiver is in the interests of national security. The Defendant understands that he also may be subject to administrative action by other federal or state agencies, based upon the conviction resulting from this Plea Agreement and upon grounds other than 10 U.S.C. § 2408, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. The defendant nevertheless affirms that he wants to plead guilty regardless of the debarment or administrative action consequences of his plea. Therefore, the Defendant waives any and all challenges to his guilty plea and to his sentence based on the debarment or administrative action consequences of his plea, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence based on such consequences of his guilty plea. However, the District of South Carolina agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of any cooperation of the Defendant as a matter for that agency to consider before determining what administrative action, if any, to take.

10. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

6/20/2017
Date

RYAN SMITH, DEFENDANT

6/20/2017
DATE

JOSEPH P. GRIFFITH, JR.
ATTORNEY FOR THE DEFENDANT


BETH DRAKE
UNITED STATES ATTORNEY

6-23-17
Date

WILLIAM E. DAY II (#00462)
ASSISTANT UNITED STATES ATTORNEY

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO. | 3:17-00002 |
| DEFENDANT'S NAME | RYAN SMITH |
| PAYMENT AMOUNT | $100.00 |
| PAYMENT DUE ON OR BEFORE | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
Clerk, U.S. District Court
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201

OR HAND DELIVERED TO:
**Clerk's Office**
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201  (Mon. – Fri. 8:30 a.m. – 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* ***(Do Not send cash)***

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*